# Minnie Phelps, Plff. in Err., *v.* Henry E. Cornog.

On certiorari to remove proceedings had before a magistrate's court for the removal of a tenant, the following objections, among others, were taken to the record: That it did not show service of summons by a constable of Philadelphia, etc.; that it did not show a return of service of summons, except by way of recital; that it did not show that the magistrate properly designated the hours between which the summons should be returnable, and that its statements as to the recovery of damages were inconsistent and irregular. *Held,* that none of the objections were tenable, and that the record was sufficient.

(Decided April 5, 1886.)

Error to the Common Pleas, No. 4, of Philadelphia County to review a judgment dismissing exceptions to a magistrate's record. Affirmed.

This was a proceeding under the landlord and tenant act of December 14, 1863, to recover possession of premises of which Minnie Phelps was lessee.

The magistrate rendered judgment against the tenant, and she sued out a writ of certiorari to remove the proceedings to the court of common pleas, No. 4, of Philadelphia county, for review.

The magistrate returned the following record:

*Be it remembered,* That, on the 25th day of January in the year of our Lord 1885, at the city of Philadelphia, due proof was made before William H. List, Esq., magistrate of court No. 5, in and for said city, that Thomas Whitton, on the 23d day of January, in the year 1884, was quietly and peaceably possessed of a certain messuage or tenement, with the appurtenances, situate No. 3,129 Powelton avenue, in the 24th ward of the city of Philadelphia, excepting only the store in said premises; and being so thereof possessed on the same day and year last aforesaid, did demise the said premises to Minnie Phelps, for the term of one year then next ensuing, at the yearly rent of $240; and that

---

NOTE.—Substantial conformity with the requirements of the statute is all that is required. Proceedings such as this, though summary are not to be criticised with the extreme strictness that is applied to summary proceedings under penal statutes. Woodward, Ch. J., in Snyder v. Carfrey, 54 Pa. 90.

the said Minnie Phelps, by virtue of the said demise, entered into possession of the said demised premises and held the same during said term, and is still possessed of the same; and that the said term for which the said premises were demised is fully ended; and on October 14, 1884, the said Thomas S. Whitton assigned the original lease of said premises to Henry E. Cornog and Albert Cornog; and that the said Henry E. Cornog and Albert Cornog being desirous, upon the said determination of the said term, to have again and repossess the said premises, for that purpose did, on the 23d day of October, A. D. 1884, demand of and require the said Minnie Phelps to remove from and leave the same; and that the said Minnie Phelps hitherto refused, and still does refuse, to comply with the said demand and requisition to remove from and leave the said premises.   Whereupon, the said Henry E. Cornog then, to wit, on the said 25th day of January, A. D. 1885, prayed the said magistrate that a due remedy in that behalf be provided for them, according to the form of the act of the general assembly of the state of Pennsylvania, in such case made and provided; upon which proof and complaint one of the constables of the said city was commanded to summons the said Minnie Phelps to be and appear on the 3d day of February, A. D. 1885, between the hours of 11:30 and 12 o'clock in the noon, before our said magistrate, at his court, 146 S. Sixth street, in the said city, to show cause, if any she has, why restitution of the possession of the said demised premises should not be forthwith made to the aforesaid Henry E. Cornog and Albert Cornog, on the 30th day of January, A. D. 1885.

A. B. Vance, Jr., constable, returned on oath: "Served on defendant by leaving a copy of the within original at the defendant's dwelling house with an adult member of the family.   Afterwards, to wit, on the said 3d day of February, A. D. 1885, at 12 o'clock in the —noon, at the said court, in the said city, plaintiffs appear; defendant not present; Henry E. Cornog, plaintiff, sworn; Albert Cornog, plaintiff, sworn; served notice on defendant according to complaint."

After hearing the proofs and allegations offered by the said Henry E. Cornog, our said magistrate finds that the said Thomas Whitton, 23d day of January, 1884, was quietly and peaceably possessed of a certain messuage or tenement, with the appurtenances, situate No. 3129 Powelton avenue, in the 24th ward of the city of Philadelphia, excepting only the store in said prem-

ises, and being so thereof possessed on the same day and year last aforesaid, did demise the said premises to the said Minnie Phelps for the term of one year then next ensuing, at the yearly rent of $240, and that the said Minnie Phelps, by virtue of the said demise, entered into possession of the said demised premises, and held the same during the said term, and is still possessed of the same; and that the said term for which the said premises were demised is fully ended; and that on October 14, 1884, the said Thomas S. Whitton assigned the original lease of said premises to Henry E. Cornog and Albert Cornog; and that the said Henry E. Cornog, being desirous upon the said determination of the said term to have again and repossess the said premises, for that purpose did, on the 23d day of October, A. D. 1884, demand of and require the said Minnie Phelps to remove from and leave the same, and that the said Minnie Phelps hitherto refused, and still does refuse, to comply with the said demand and requisition to remove from and leave the said premises. And our said magistrate doth assess the sum of ———— dollars, for the damage of the said Henry E. Cornog and Albert Cornog, occasioned by the unjust detention of the said premises.

Our said magistrate did thereupon enter judgment against the said tenant that she forthwith give up possession of the said premises to the said lessor; and that the said lessor shall and do recover and have of the said lessee or tenant as well the said sum of $5 for their damages aforesaid, as $6.45 for their reasonable costs by them expended in and about this suit in this behalf, concerning which the premises aforesaid, our said magistrate doth make this his record.

In testimony whereof, our said magistrate to this, his record, hath hereunto set his hand and the official seal of the said court at the city of Philadelphia, this 10th day of February, 1885.

[Seal]                                    Wm. H. List,
                                    Magistrate of Court No. 5.

To this return the following objections were taken:

I. The record does not show that the summons issued was directed to a constable of the city of Philadelphia, nor to a constable of any township, ward, or district where the defendant usually resided or could be found, nor to the next constable most convenient to the defendant.

II. The record does not show that the summons was served

by a constable of the city of Philadelphia, nor by a constable of any township, ward, or district thereof.

III. The return of the constable of the service of the summons does not appear in the record, except by way of recital; and it does not appear in the record, except by way of recital, that the constable was sworn.

IV. Although it appears by the said record that, on the 25th day of January, A. D. 1885, at Philadelphia, due proof was made before the magistrate that the lessor was quietly and peaceably possessed of the premises therein mentioned, and that he demised the same to Minnie Phelps, and that the term for which the same were demised was fully ended; and that the complainants, on the 23d day of October, A. D. 1884, demanded and required her to leave the same and that she refused; yet it nowhere appears that, on the day of the hearing, *viz.*, the 3d day of February, 1885, due proof was made, the tenant having notice of the time and place of the hearing, that the said lessor was quietly and peaceably possessed of the lands or tenements so required to be surrendered up, and that he demised the same to the tenant in possession, or to some other person, under whom such tenant claims, and that the term for which the same were demised was fully ended, and that three months' previous notice had been given of his desire to repossess the same.

V. It does not appear in the record that on the day of the hearing, *viz.*, the 3d day of February, A. D. 1885, there was due proof of an oath or affirmation that the summons was properly served upon the defendant.

VI. The record does not show that the summons designated the hours of the day between which the same should be returnable.

VII. It does not appear by the record that three months' previous notice had been given to the defendant of the lessor's desire to repossess the said premises.

VIII. It appears by the record that the magistrate assessed the damages at nothing against the defendant, and yet that the said magistrate did enter judgment against defendant that the lessor should have and recover of the lessee or tenant the said sum of $5 damages and $6.45.

IX. It appears by the record that the magistrate entered judgment against the defendant without having first heard due

proof according to the requirements of the act of assembly in such case made and provided.

X. The record does not designate whether the summons was returnable between the hours of 11:30 and 12 o'clock in the forenoon or in the afternoon.

XI. The record does not designate any intelligible time or hour for the hearing.

The court overruled these objections and the tenant brought error.

*E. Hunn, Jr.,* for plaintiff in error.—The special act of assembly for the benefit of landlords provides a summary remedy; and Chief Justice Thompson, in Speigle v. McFarland, 25 Phila. Leg. Int. 165, especially comments upon the act in the following words: "The proceedings are special, and the authority to proceed must appear on the record."

Where the magistrate sets out upon his record the evidence upon which he makes his judgment, and by the evidence it appears that there was no proof of facts necessary to be established to warrant a judgment against the tenant or lessee, the proceedings will be reversed. Bradfield v. Rehm, 6 Phila. 135.

There is nothing in the statute authorizing the justice to ascertain the amount of the claim without testimony, unless on the admission of the defendant. The nonappearance of the defendant authorizes a judgment by default, but still the plaintiff must make out his claim. McCowan v. Ward, 2 Pittsb. 252.

The justice's record must contain every essential to support the judgment. Nothing can be taken by intendment. Givens v. Miller, 62 Pa. 133.

A justice does not properly obey the certiorari by sending merely a copy of the short notes entered on his docket, when he keeps short notes; but from those notes he must make up a full record of all the proceedings actually had by and before him, and certify this to the court with the complaint and writs in return to the certiorari. Com. v. Morey, 30 Phila. Leg. Int. 141.

*P. H. Coggins* for defendant in error.

Per Curiam:
We think the justice's record shows every fact essentially nec-

essary to support the judgment. The writ was served four days before the time of hearing. The time for the latter was sufficiently designated in the writ, and we do not think the manner of stating the judgment for damages and costs to be so irregular as to constitute just cause for reversal.

Judgment affirmed.